Alfonso de Cumpiano, Juez Ponente
*1071 TEXTO COMPLETO DE LA SENTENCIA
La parte apelante nos solicita revisemos la sentencia dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito de San Juan, mediante la cual se desestimó una demanda de daños y perjuicios, instada con motivo de una caída. Cuestiona, en síntesis, la evaluación de la prueba efectuada por el tribunal apelado y plantea que debió aplicarse la presunción de las Reglas de Evidencia (Regla 16(5)) para cuando se suprime una prueba o se ofrece una más débil. (Regla 10(G)).
No tiene razón la parte apelante en sus planteamientos, por lo que procede confirmar la sentencia apelada.
I
La reclamación surge con motivo de una caída sufrida por el Sr. Ramón Rodríguez Agosto, al bajar las escaleras del edificio MAI, administrado por Empresas González, S.E. La prueba testifical presentada en el juicio consistió en los testimonios del señor Rodríguez Agosto, y del administrador del edificio, Sr. Alberto González. La prueba estipulada consistió en cuatro fotografías de las escaleras, a los fines de establecer el lugar del accidente y en el testimonio del Dr. Rufino Montañez Falcón el cirujano ortopeda que atendió al señor Rodríguez Agosto.
De conformidad con los hechos que el tribunal determinó probados, el señor Rodríguez Agosto se encontraba en el edificio MAI un día domingo, cuando no operan los ascensores y el acceso es limitado, ayudando en la mudanza de una amiga. Ese día no llovió, como tampoco el anterior. Utilizaron la tarjeta de acceso para entrar, subieron por las escaleras hasta el cuarto piso y mientras bajaba del segundo al primer piso, el señor Rodríguez Agosto se cayó. Al caerse, tocó el piso y sintió humedad.
Según las fotografías presentadas, los escalones son regulares, cubiertos de goma y provistos de pasamanos. La iluminación es adecuada y el edificio cuenta con planta de emergencia.
Al otro día de la caída el doctor Montañez Falcón le diagnosticó al señor Rodríguez Agosto fractura del tobillo y procedió a enyesarle la pierna. A pesar de que tenía movilidad con las muletas, no fue a trabajar en seis semanas.
El tribunal apelado determinó que el señor Rodríguez Agosto no demostró mediante prueba, que en el sitio de la caída existía condición de peligrosidad. Señaló, además, que no se trataba de un caso al que le aplicaran las doctrinas de responsabilidad absoluta, ni de riesgo o responsabilidad sin culpa. Sus conclusiones de derecho estuvieron basadas en el derecho aplicable a las acciones de daños y perjuicios por accidentes ocurridos en establecimientos públicos, según se resume más adelante.
II
Una acción de daños y perjuicios extracontractual bajo el Artículo 1802 del Código Civil de Puerto Rico exige la concurrencia de tres requisitos esenciales: (1) la realidad del daño sufrido; (2) la existencia de nexo o relación causal entre dicho daño y la acción u omisión de *1072 otra persona diferente a la que sufre el daño; y que (3) el acto u omisión sea culposo o negligente. 31 L.P.R.A. sección 5141; Sociedad de Gananciales v. González Padín Co., Inc., 117 D.P.R. 94, 106 (1986).
En acciones de daños y perjuicios contra establecimientos comerciales abiertos al público por clientes que alegan haber sufrido algún daño mientras visitan éstos, se ha establecido que el propietario del negocio no es un garantizador de la seguridad de sus clientes, es decir, que no se trata de responsabilidad absoluta. Por el contrario, su deber sólo se extiende al ejercicio del cuidado razonable, necesario para brindar protección y seguridad al visitante o cliente. Por tanto, para que un demandante prevalezca en su acción es indispensable que pruebe que el dueño del establecimiento incurrió en un acto negligente que causó o contribuyó a los daños sufridos por el primero. Cotto Guadalupe v. Consolidated Mutual Insurance, Co., 116 D.P.R. 644, 650 y 652 nota al calce Núm. 12 (1985); Brau del Toro, Herminio, Los daños y perjuicios extracontractuales en Puerto Rico, San Juan, Publicaciones J.T.S., Inc., 1980, Vol. 2, Cap. 12, pág. 64.
Correspondiéndole, pues, a la parte demandante el peso de la prueba respecto a la alegada negligencia de la parte demandada, la primera viene obligada a poner al tribunal en condiciones de hacer una determinación clara y específica sobre negligencia mediante la presentación de prueba a esos efectos. Específicamente en reclamaciones por caídas, el Tribunal Supremo reiteradamente ha exigido que el demandante pruebe, como parte esencial de la causa de acción que ejercita, la existencia de la condición de peligrosidad que ocasionó la caída y que la misma era de conocimiento del propietario o que su conocimiento podía imputársele a éste. Cotto Guadalupe v. Consolidated Mutual Insurance, Co., supra, págs. 650-651, y casos allí citados.
En resumen, la responsabilidad del dueño de un establecimiento comercial no es absoluta, por lo que es necesario probar su negligencia estableciendo que no tomó las medidas necesarias para mantener el negocio seguro para los clientes que lo visitan. En casos de caídas un demandante prevalecerá probando con preponderancia de la prueba que la causa de la caída se debió a la existencia de una condición peligrosa en dicho establecimiento y que la misma era conocida por la parte demandada. Por ende, en ausencia de dicha prueba no puede prosperar una acción en daños y perjuicios por daños sufridos en un establecimiento comercial 
En este caso, el señor Rodríguez Agosto no era cliente o invitado, el edificio no estaba, el día de la caída, abierto al público y hubo ausencia de prueba respecto a los requisitos esenciales para este tipo de acción.
La parte apelante cuestiona la aplicación del caso de Cotto Guadalupe v. Consolidated, etc. a los hechos de este caso. Argumenta que mientras en el aludido caso la parte demandante resbaló "en algo", en éste resbaló y cayó y al caerse tocó el piso y sintió humedad. Cuestiona, además, que las fotografías demostraran las condiciones de las escaleras el día del accidente y el que se le imputase conocimiento del área.
La exposición narrativa de la prueba presentada por la parte apelante, junto con las objeciones, según aprobada por el tribunal, sustentan las determinaciones de hechos del tribunal apelado. Esta no establece de manera alguna existencia de peligrosidad que ocasionara la caída, ni que ello fuera del conocimiento del propietario. La humedad que sintió el señor Rodríguez Agosto de por sí no es motivo para, imputar negligencia, sobretodo en escaleras que estaban forradas de goma.
En cuanto a las fotografías, éstas fueron utilizadas en la sentencia solamente para describir las condiciones regulares de las escaleras. No hizo el tribunal determinación específica de *1073 cómo se encontraban el día del accidente, puesto que el demandante no presentó prueba que rebatiera las condiciones-regulares de las escaleras..En definitiva, no se estableció causa alguna de la alegada humedad o falta de luz.
El señor Rodríguez Agosto testificó que el día de la caída había subido las escaleras, y fue al bajarlas que resbaló. Por tanto, no erró el tribunal al imputarle conocimiento del área.
Nada hay en la-prueba que nos mueva a variar las determinaciones, deJiechos del tribunal apelado, y su aplicación del derecho fue correcta.
Finalmente, resulta improcedente la argumentación de la parte apelante sobre la no utilización de un testigo anunciado, Sr. Nelson Cruz Sánchez, y su efecto en términos evidenciarios. Tiene razón la parte apelada respecto a que en el Informe de Conferencia Preliminar, suscrito por ambas partes el 3 de diciembre de 1993, no aparece anunciado dicho testigo. 
III
En virtud de todo lo anterior, se confirma la sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 275
1. La doctrina de res ipsa loquitur, que literalmente significa que la cosa habla por sí misma, releva al demandante de establecer mediante prueba directa la negligencia del demandado, surgiendo dicho elemento de la causa de acción a base de la forma en que ocurrió el accidente, esto es, a base de prueba circunstancial. Faltando el nexo entre el daño y el acto u omisión, la doctrina no es aplicable, o de serlo, no tiene consecuencias para responsabilizar al demandado. Cuevas Segarra, José, La Responsabilidad Civil y el Daño Extracontractual en Puerto Rico, San Juan, Publicaciones J.T.S., Inc., 1993, Cap. VI, págs. 141 y 142.
2. Mediante Resolución de 9 de febrero de 1995 el tribunal aprobó la exposición narrativa presentada por la parte apelante "con las objeciones presentadas por la demandada apelada". Autos originales, pág. 154. En nuestro análisis, nos referimos a lo expuesto en ambos documentos, según aparecen en los autos originales, págs. 135-138 y 149-150.
3. Autos originales, págs. 84-87.